**Michael J. BAKALIS, Plaintiff–Appellee,**

v.

**Jenni GOLEMBESKI, Mark R. Stephens, Merrill Becker, et al., Defendants–Appellants.**

No. 96–3563.

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1997.

Decided Sept. 18, 1997.

Theodore A. Boundas, William P. Rector, Alexis J. Rogoski (argued), Marie L. Nienhuis, Peterson & Ross, Chicago, IL, for Plaintiff–Appellee.

John B. Murphey (argued), Rosenthal, Murphey, Coblentz & Janega, Chicago, IL, for Defendants–Appellants.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This successive appeal has been brought by four individual defendants who are trustees of Triton College. They have filed an appeal from the district court's order denying their motion for summary judgment based on qualified immunity. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

## I

## BACKGROUND

This litigation began when Dr. Michael J. Bakalis, once President of Triton College, brought a civil rights action for damages against the four individual defendant trustees of the college for terminating his position without due process of law. We need not revisit the facts; we assume familiarity with our prior opinion, *Bakalis v. Golembeski,* 35 F.3d 318 (7th Cir.1994) (*"Bakalis I"*). In the earlier appeal, we determined that the defendants could not assert the defense of qualified immunity. We held that the law was clearly established that Dr. Bakalis had a right to have the employment-termination issue decided by an impartial tribunal, and that the facts, when assessed in the light most favorable to Dr. Bakalis, precluded summary judgment because the record presented a genuine issue of triable fact as to whether the defendants had prejudged the merits of the case. We wrote: "[W]e think it clear that at the time of the events in question a person who had prejudged the case could not sit in judgment of Dr. Bakalis on the issue of his continuance in office.... When read in a light most favorable to Dr. Bakalis, the record reflects the sort of 'running controversy' between the Board members and Dr. Bakalis that precluded impartial adjudication." *Id.* at 326. We noted that the defense of qualified immunity "is an individual defense available to each individual defendant in his individual capacity." *Id.* at 326–27. We noted that the evidence with respect to each of the defendants is quite different and that further proceedings might well establish that the same decision ought not be rendered with respect to each defendant. We also noted in a footnote that the defendants had not attempted to justify their alleged bias on the ground of the rule of necessity before the district court. They had raised it belatedly on appeal in their reply brief. For that reason, we continued, we had no need to address the argument on the merits. We also noted in passing that the record did not appear to afford a factual basis for a defense on the ground of the rule of necessity because the Board members had not recused themselves in sufficient numbers to justify the invocation of the rule.

Upon remand, the defendant trustees once again sought summary judgment on the ground of qualified immunity. Despite our admonition that the district court assess the evidence of bias against the defendants on an individual basis, and despite our observation that "we do not believe that the record before us would support a defense based on the rule of necessity even if the matter were properly before us," *id.* at 327 n. 11, the trustees contended that the alleged bias was "group bias." They also submitted that the record now demonstrated that they were deserving of qualified immunity because a reasonable board member would have thought that the rule of necessity required the mem-

bers, however biased, to sit and participate in the termination decision. According to the trustees, they could not have recused themselves from the pre-termination hearing without destroying the quorum. The district court rejected their contentions, along with several other matters that the district court believed had been settled by our earlier decision.[1]

The district court took the view that our earlier decision made it clear that the issue of whether the defendants were biased was a question for the trier of fact, one that had to be decided on an individual basis with respect to each defendant. With respect to the rule of necessity, the court reasoned that, if fewer than all the defendants were biased, there still would have been a quorum at the pre-termination hearing. The court also noted that there was an issue of fact as to whether the post-termination hearing could have been delayed until unbiased Board members could attend. Consequently, held the district court, the rule of necessity does not entitle defendants to summary judgment. The court then denied the trustees' motion for summary judgment of Dr. Bakalis' due process claim.

## II

### DISCUSSION

#### A.

■ We have appellate jurisdiction over this appeal. In *Behrens v. Pelletier*, —— U.S. ——, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), the Supreme Court held that a second appeal under the collateral order doctrine was permissible with respect to qualified immunity claims. The Court held that the "one appeal rule" for qualified immunity, formerly employed by some of the courts of appeals, including this one, was unsound. It reasoned that the qualified immunity defense might mature as the litigation progressed and that the defendant government official, in order to receive the full protections of the doctrine, ought to be able to seek its protections as factual information was developed at trial. The Court spoke in terms of a motion at the pleadings stage and another at the summary judgment stage, but we doubt that the Court intended its holding to be so rigidly interpreted. There well may be instances when the course of pretrial might justify, under the Supreme Court's rationale, successive appeals at the summary judgment stage in order to ensure that the rights of the public official are protected fully.

In *Behrens* the Supreme Court emphasized that the question before it was whether there was jurisdiction over the appeal, not whether the appeal was frivolous. *See* —— U.S. at ——, 116 S.Ct. at 841. Jurisdiction is "determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order." *Id.* In our case, the "category of order" is an order denying qualified immunity; the Court tells us that such a denial, "to the extent it turns on an 'issue of law,' is immediately appealable." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985)). Therefore, as long as the denial of qualified immunity rests on an issue of law, this court has jurisdiction over the successive appeal. Summary judgment determinations "*are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity, typically the issue whether the federal right allegedly infringed was 'clearly established.'" *Id.* at ——, 116 S.Ct. at 842 (brackets in *Behrens*) (quoting *Johnson v. Jones*, 515 U.S. 304, 317, 115 S.Ct.

---

1. The district court also held that the following issues raised again by the defendants had been resolved in the prior district court opinion and affirmed in our first review; accordingly, they were final and binding on subsequent proceedings under the law of the case doctrine:
(1) Dr. Bakalis had a property interest in his position;
(2) The defendants were not entitled to qualified immunity;
(3) Dr. Bakalis had stated a due process cause of action and had not waived his claim by deciding not to attend the post-termination hearing;
(4) Dr. Bakalis' evidence, if credited by a trier of fact, would justify a conclusion that defendant Becker was not an impartial adjudicator; and
(5) Defendants' rule of necessity defense was rejected by the district court's first ruling and by our decision, which stated that the record did not support that defense.

2151, 2158, 132 L.Ed.2d 238 (1995)) (other citations omitted).[2]

## B.

■ The trustees present their issue with respect to qualified immunity in these terms: "[A]ssuming the existence of decisionmaker bias, did the Rule of Necessity nevertheless require or authorize the biased decisionmakers to deliberate and decide?" Defendants–Appellants' Response to Issues Raised in Plaintiff–Appellee's Docketing Statement, at 12. In their view, a reasonable trustee in the position of the defendants would have believed that reliance on the rule of necessity was justified.

We begin by considering the trustees' qualified immunity defense as it has appeared throughout the history of this case. The trustees' first motion for qualified immunity was presented on the ground that the Board members reasonably could have concluded that officials in their situation could sit on the discharge hearing for Dr. Bakalis despite their views. In the district court, they made no attempt to argue the defense of the rule of necessity as an alternative basis for qualified immunity. Yet they were aware of the availability of that defense because they argued it in the "merits" part of their summary judgment motion rather than in their qualified immunity defense. On the first appeal, they argued qualified immunity but did not argue the rule of necessity until the reply brief. Following our usual practice, we deemed the argument with respect to the rule of necessity waived. *Bakalis I*, 35 F.3d at 327 n. 11.

In the second summary judgment motion, the trustees submitted deposition testimony to demonstrate that the resignation of one member and the illness of another made the invocation of the rule of necessity at the post-termination committee stage inevitable. But,

as the colloquy at oral argument made very clear, even assuming arguendo that this information would alter the result of *Bakalis I*, this information was readily available to the trustees at the time that the first summary judgment motion was considered by the district court.

■ Although we have jurisdiction over this case under the holding of *Behrens* (indeed, *Behrens* suggests that we have jurisdiction over frivolous suits until we determine their lack of merit), we believe that the circumstances outlined above counsel that we hold the defendants to their initial waiver. The logical time to raise the rule of necessity claim in a qualified immunity context was when the matter to which it was a defense, namely the bias of the trustees, was raised. In its consideration of the first qualified immunity motion, the district court was asked to rule on qualified immunity with respect to the bias issue. If the trustees believed that the rule of necessity was available to them, they ought to have raised that claim squarely at that point. Certainly the claim ought not to have been abandoned in the brief in chief on appeal. Moreover, the additional information submitted to the district court in the trustees' second motion for qualified immunity had been available to the trustees at the time of the first motion and could have been made part of the previous record. *See Guzman–Rivera v. Rivera–Cruz*, 98 F.3d 664 (1st Cir.1996) (public officials waived defense of qualified immunity for pretrial purposes by their failure to raise the defense in a diligent manner). We do not believe that the decision in *Behrens* contemplated that the district court or the court of appeals is obliged to entertain successive qualified immunity claims without any concern for an orderly decisionmaking process. Under these circumstances, we must adhere to our first determination that the issue has been waived.[3]

---

**2.** We believe that this appeal can be characterized as presenting an issue of law and therefore within our appellate jurisdiction. Recharacterizing the case as one of "group bias," the trustees seek review of whether, even in advance of recusals by any of them, they could have reasonably believed that they were justified in sitting on Dr. Bakalis' termination because of the rule of necessity. *See Martinez v. Schenectady*, 115 F.3d 111,

114 (2d Cir.1997); *see also Clash v. Beatty*, 77 F.3d 1045, 1046 (7th Cir.1996).

**3.** Even if we were to entertain this appeal on the merits, we would affirm the decision of the district court. As we noted in our earlier opinion, the claims of bias are claims of individual bias. The evidence against each defendant is different. Under these circumstances, a reasonable trustee,

Conclusion

Accordingly, for the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

knowing of his own bias, could not conclude that it was appropriate to sit on this matter as long as there remained colleagues who had not recused

themselves and who might in fact be sufficiently unbiased to sit on the case.