**Kim A. FELLENZ, Plaintiff,**

v.

**LOMBARD INVESTMENT CORP., et al., Defendants.**

**Linda Lombardi and Lombard Investment Corp., Plaintiffs,**

v.

**United States of America, Defendant.**

**United States of America, Plaintiff**

v.

**Linda Lombardi, et al., Defendants.**

Nos. 04–3992 (AET), 04–5768(AET), 04–3992, 04–6105(AET).

United States District Court, D. New Jersey.

Oct. 18, 2005.

Kim A. Fellenz, Law Office of Kim A. Fellenz, Asbury Park, NJ, pro se.

Frank Agostino, Calo Agostino, PC, Hackensack, NJ, for Plaintiffs.

Charles M. Flesch, Gerald Role, US Department of Justice, Washington, DC, David E. Shaver, Broege, Neumann, Fischer & Shaver, Esqs., Manasquan, NJ, Michael R. Rizzuto, Brick, NJ, Morton P. Kramer, Hazlet, NJ, for Defendants.

## MEMORANDUM and ORDER

ANNE E. THOMPSON, District Judge.

This matter comes before the Court on (1) Linda Lombardi and Lombard Investment Corporation's motion for reconsideration of the portion of this Court's May 12, 2005 Order dismissing Count 15 of their Complaint against the United States; (2) Linda Lombardi, Lombard Investment Corporation, and Carhart & Lombardi's motion to dismiss the United States' complaint; (3) Linda Lombardi, Lombard Investment Corporation, and Carhart & Lombardi's motion to dismiss the cross-

claims of Terry Falcone; and (4) New Deal Plumbing and Heating Supply Company, Inc. and Michael Lombardi's motion to dismiss the cross-claims of Terry Falcone. The Court has decided these motions after considering the parties' written submissions and without oral argument pursuant to Fed.R.Civ.P. 78. For the reasons stated below, all the pending motions will be denied.

## I. *Motion for Reconsideration*

Linda Lombardi and Lombard Investment Corporation move for reconsideration of the portion of this Court's May 12, 2005 Order dismissing Count 15 of their Complaint against the United States. In the District of New Jersey, a motion for reconsideration is governed by Rule 7.1(i) (previously 7.1(g)) of the Local Civil Rules. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999). A motion under Rule 7.1(i) may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *SPIRG v. Monsanto Co.*, 727 F.Supp. 876, 878 (D.N.J.1989), *aff'd*, 891 F.2d 283 (3d Cir.1989). Matters may not be introduced for the first time on a reconsideration motion, and absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *See, e.g., Yurecko v. Port Authority Trans–Hudson Corp.*, 279 F.Supp.2d 606, 609 (D.N.J.2003); *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F.Supp. 826, 831 & n. 3 (D.N.J.1992). Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. National Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 613 (D.N.J.2001).

Moreover, Rule 7.1(i) does not allow parties to restate arguments which the court has already considered; rather, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J.1988). A court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law." *Rouse v. Plantier*, 997 F.Supp. 575, 578 (D.N.J.1998). Relief under Rule 7.1(i) will be granted "very sparingly." *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986).

In the present motion, Linda Lombardi and Lombard Investment Corporation simply disagree with the Court's previous findings of fact and law. The Court previously considered and either implicitly or explicitly rejected these arguments. Further, in addition to recasting previously raised arguments, Linda Lombardi and Lombard Investment Corporation ask the Court to consider new arguments, but have not presented the Court with circumstances that would counsel against rejecting such arguments. For these reasons, the motion for reconsideration is denied.

## II. *Motions to Dismiss*

Linda Lombardi, Lombard Investment Corporation, and Carhart & Lombardi move to dismiss the counts of the United States' complaint that pertain to them and to dismiss the cross-claims of Terry Falcone. New Deal Plumbing and Heating Supply Company, Inc. and Michael Lombardi also move to dismiss the cross-claims of Terry Falcone. At the outset, the Court notes that this Order will not address arguments that appear for the first time in Defendants' reply briefs. *See Bayer AG v. Schein Pharmaceutical, Inc.*, 129

F.Supp.2d 705, 716 (D.N.J.2001) (noting that reply briefs should only respond to the opposition's arguments "because the local rules do not permit sur-reply briefs [and] a party opposing summary judgment has no opportunity to respond to newly minted arguments contained in reply briefs.")

■ In a complaint, a plaintiff is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of allegations laid out in the complaint is to give the defendant fair notice of the plaintiff's claims and the grounds on which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing Fed.R.Civ.P. 8(a)(2)). Complaints "need not plead law or match facts to every element of a legal theory." *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001) (citations omitted).

Moreover, dismissal of a claim is allowed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992. Even if it may appear from the face of the complaint that recovery by the plaintiff is very remote, as long as the allegations satisfy Rule 8(a)(2), they survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Swierkiewicz*, 534 U.S. at 515, 122 S.Ct. 992. Rule 8(a)(2)'s simplified notice pleading standard relies upon liberal discovery to define disputed facts and issues, and summary judgment proceedings to dispose of unmeritorious claims. *Id.* at 512, 122 S.Ct. 992 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ Pursuant to these standards, the Court denies Defendants' motions to dismiss at this time, and notes that: (1) it is not clear on the face of the Complaint that the statute of limitations has expired on the United States' or Terry Falcone's claims; (2) this Court has supplemental jurisdiction over Terry Falcone's claims, and is not convinced, at this stage of the litigation, that the entire controversy doctrine precludes her claims; (3) as to the personal liability of Linda Lombardi, the government has satisfied the liberal motion to dismiss requirements by alleging fraudulent conveyance and conversion; (4) the existence of a judgment lien does not foreclose the United States from seeking to enforce tax liens against the properties; (5) earlier litigation between Linda Lombardi and Terry Falcone did not determine whether Kenneth Lombardi's transfer to Linda Lombardi was a fraudulent conveyance; (6) it appears that the probate exception is inapplicable to the claims before this Court; (7) property subject to tax liens that is titled in the name of a nominee or alter ego or is fraudulently conveyed retains those liens even after the taxpayer's death, and even if the property is conveyed to third party purchasers; and (8) the procedural safeguards in 26 U.S.C. § 6330 are inapplicable to a civil suit taken to enforce tax liens against properties that allegedly had been fraudulently conveyed to third parties or held by the taxpayers nominees or alter egos.

For the foregoing reasons and for good cause shown, it is on this 12th day of October 2005,

ORDERED that Linda Lombardi and Lombard Investment Corporation's motion for reconsideration [Docket entry 37–1 in 04–3992] is DENIED; and it is further

ORDERED that Linda Lombardi, Lombard Investment Corporation, and Carhart & Lombardi's motion to dismiss the United States' complaint [Docket entry 12–1 in 04–6105] is DENIED; and it is further

ORDERED that Linda Lombardi, Lombard Investment Corporation, and Carhart & Lombardi's motion to dismiss the cross-claims of Terry Falcone [Docket entry 27–1 in 04–6105] is DENIED; and it is further

ORDERED that New Deal Plumbing and Heating Supply Company, Inc. and Michael Lombardi's motion to dismiss the cross-claims of Terry Falcone [Docket entry 35–1 in 04–6105] is DENIED.