Michael BOWERS, Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, ACT, INC., NCAA Initial-eligibility Clearinghouse, Temple University of the Commonwealth System of Higher Education, University of Iowa, American International College, Defendants.

No. CIV. A. 97–2600.

United States District Court, D. New Jersey.

Feb. 2, 2001.

Barbara E. Ransom, Max Lapertosa, Philadelphia, PA, Richard L. Bazelon, Bazelon & Less, Marlton, NJ, for Plaintiff, Michael Bowers.

Charles J. Vinicombe, J. Freedley Hunsicker, Jr., John Schultz, Julianne Peck, Amy E. Pizzutillo, Drinker, Biddle & Shanley LLP, Princeton, NJ, for Defendant, National Collegiate Athletic Association.

Robert A. Burgoyne, Fulbright & Jaworski LLP, Washington, DC, Nicholas M. Kouletsis, Pepper Hamilton, LLP, Cherry Hill, NJ, for Defendants, ACT, Inc. and NCAA Initial–Eligibility Clearinghouse.

Mark Schantz, Andrew Ives, Office of the General Counsel, Iowa City, IA, Thomas J. Miller, Attorney General, Gordon E. Allen, Deputy Attorney General, Office of the Iowa Attorney General, Des Moines, IA, William O. Perkins, Jr., Jersey City, NJ, Jack Jay Wind, Margulies, Wind, Herrington & Knopf, P.C., Jersey City, NJ, for Defendant, University of Iowa.

John B. Langel, Abigail L. Flitter, Ballard Spahr Andrews & Ingersoll, LLP, Philadelphia, PA, for Defendant, Temple University of the Commonwealth System of Higher Education.

James H. Savage, Ruprecht, Hart & Weeks, LLP, Millburn, NJ, for Defendant, American International College.

John J. Farmer, Jr., Attorney General of New Jersey, Larry R. Etzweiler, Senior Deputy Attorney General, The State of New Jersey, Richard J. Hughes Justice Complex, Trenton, NJ, for Third–Party Defendant, University of Massachusetts Amherst.

## OPINION ON MOTIONS FOR REARGUMENT OF OPINION AND ORDER OF NOVEMBER 2, 2000

ORLOFSKY, District Judge.

This is the fourth published Opinion in a protracted and hotly contested legal struggle. At its core, this case tests the applicability of laws prohibiting disability-based discrimination to the practices of the National Collegiate Athletic Association ("NCAA"). In this case, Plaintiff, Michael Bowers ("Bowers"), has sued the NCAA under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1 *et seq.* Among other claims, Bowers alleges that the NCAA discriminates against the learning disabled through initial eligibility requirements that govern whether a student may participate in intercollegiate college athletics.

Bowers specifically targets the NCAA's regulations that prohibit first-year college students from participating in Division I and Division II athletic programs if they failed as high school students to complete a core academic curriculum specified by the NCAA. The NCAA requires high school students to complete thirteen "core courses" in subject areas including English, mathematics, and the social and physical sciences before they may be declared "qualifiers," student-athletes permitted to practice and compete as members of intercollegiate teams and to receive college athletic scholarships.[1] Bowers, who suffers from a learning disability, completed a number of classes in high school that were designated special education classes. The NCAA determined that these classes did not satisfy its core

---

1. This is a description of the NCAA's core course requirement as it existed in 1995– 1996, the period in which Bowers originally applied for eligibility.

course requirement and declared Bowers, who was a high school standout in football, a "nonqualifier." Bowers alleges that the NCAA discriminated against him because of his disability in declaring him ineligible to participate in intercollegiate athletics as a college freshman.

Bowers has also sued Temple University ("Temple"), the University of Iowa ("Iowa"), and American International College ("AIC") for discrimination on the ground that these schools stopped recruiting Bowers to play football when they concluded that his learning disability would likely result in the NCAA declaring him a nonqualifier. Similarly, Bowers has sued ACT, Inc. and the NCAA Initial–Eligibility Clearinghouse ("ACT/Clearinghouse"). The Clearinghouse, which is operated by ACT, is responsible for making eligibility determinations pursuant to the NCAA's regulations. Bowers also alleged a breach of contract claim against ACT/Clearinghouse, to whom Bowers paid an $18.00 fee for the processing of his eligibility materials. Temple has recently filed and served a Third–Party Complaint against Delaware State University, the University of Memphis and the University of Massachusetts Amherst.[2]

On November 2, 2000, I filed an Opinion addressing the Defendants' Motions for Summary Judgment. *See Bowers III.* In that Opinion, I granted Summary Judgment to Defendant, ACT/Clearinghouse, on Bowers's Rehabilitation Act and breach of contract claims. I also ruled that Bowers may not seek damages for loss of a future athletic career, because those damages are too speculative. Additionally, I deferred judgment on Bowers's NJLAD claim pending further briefing by the parties. In all other respects, I denied Defendants' motions for summary judgment, leaving intact Bowers's ADA and Rehabili-

tation Act claims against the NCAA, AIC, Temple and Iowa.

Currently pending before this Court are Motions for Reargument filed by Defendants, National Collegiate Athletic Association ("NCAA"), and Temple University of the Commonwealth System of Higher Education ("Temple"), requesting that I reconsider my November 2, 2000 Opinion. For the reasons explained below, I shall grant the NCAA's Motion for Reargument and deny Temple's Motion for Reargument.

## I. Legal Standard

The NCAA and Temple have each filed a Motion For Reargument. AIC has joined in Temple's motion. Motions for Reargument are governed by Rule 7.1(g) of the Local Civil Rules for the District of New Jersey, formerly General Rule 12I. Rule 7.1(g) provides that a party may, within ten days of the entry of an order adverse to that party, move for reargument, upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. *See, e.g., Damiano v. Sony Music Entertainment, Inc.,* 975 F.Supp. 623, 633–34 (D.N.J.1996).

The word "overlooked" is the operative term in the Rule. *See* Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001). Mere disagreement with a decision of the District Court should normally be raised through the appellate process and is inappropriate on a motion for reargument. *See Bermingham v. Sony Corp. of Am., Inc.,* 820 F.Supp. 834, 859 n. 8 (D.N.J.1992), *aff'd mem.,* 37 F.3d 1485 (3d Cir.1994); *G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision,

---

**2.** A complete discussion of the factual history and procedural background of this case can be found in the three prior published Opinions of this Court. *See Bowers v. NCAA,* 974 F.Supp. 459 (D.N.J.1997) (Orlofsky, J.) (*Bowers I* ); *Bowers v. NCAA,* 9 F.Supp.2d 460 (D.N.J.1998) (Orlofsky, J.) (*Bowers II* ); *Bowers v. NCAA,* 118 F.Supp.2d 494 (D.N.J.2000)(Orlofsky, J.)(*Bowers III* ). The Court exercises jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.' ") (citation omitted); *Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc.,* 680 F.Supp. 159, 163 (D.N.J.1988). Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion. *See, e.g., Pittston Co. v. Sedgwick James of New York, Inc.,* 971 F.Supp. 915, 919 (D.N.J.1997); *Panna v. Firstrust Sav. Bank,* 760 F.Supp. 432, 435 (D.N.J.1991); *Pelham v. United States,* 661 F.Supp. 1063, 1065 (D.N.J.1987).

 A motion for reargument "is an *extremely limited* procedural vehicle" and may not be used to expand the record before the court. *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino,* 830 F.Supp. 826, 831 (D.N.J.1992) (emphasis added). Finally, relief under the rule is granted "very sparingly." *Maldonado v. Lucca,* 636 F.Supp. 621, 630 (D.N.J.1986).

 While the rule requires that matters have been "overlooked" in order to grant a motion for reargument, unfortunately, even where the Judges of this District have explicitly considered a party's argument or explicitly considered a certain fact, motions for reargument have become quite the matter of course within the District of New Jersey. Not only are such motions not a substitute for the appellate process, such motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers. Similarly, such motions are not an opportunity for the parties to avail themselves of additional briefing, that is, to circumvent the Local Civil Rules governing the size and length of briefs. *See, e.g.,* Rule 7.2(b) of the Local Civil Rules for the District of New Jersey. In short, the initial motion is the "main event," not a "tryout on the road" to a motion for reargument. *See Rouse v. Plantier,* 997 F.Supp. 575, 578–79

(D.N.J.1998)(Orlofsky, J.), *vacated on other grounds,* 182 F.3d 192 (3d Cir.1999).

## II. The NCAA's Motion for Reargument

The NCAA requests that I reconsider my ruling that Bowers has standing to sue for injunctive relief because he is suffering from "continuing, present adverse effects." 118 F.Supp.2d at 502. In *Bowers III,* I acknowledged that Bowers had not established standing to seek injunctive relief based on the theory that he would again be subject to the NCAA's initial eligibility requirements. 118 F.Supp.2d at 501–02. I held, however, that Bowers did have standing to seek injunctive relief based on the theory that he is still suffering from "continuing, present adverse effects" of the NCAA's decision to deny him initial eligibility because Bowers's "remaining eligibility is one year less than it would be if Bowers had not been declared ineligible at the end of his senior year of high school." *Id.* at 502.

The NCAA argues that the NCAA rules governing the number of seasons of play have changed and that this change divests Bowers of standing. The NCAA asserts that at the time Bowers filed his complaint, "students who were determined to be partial or non-qualifiers, like Mr. Bowers, could not engage in more than three seasons of competition within [a] five-year window." NCAA Mem. of Law in Support of Motion for Reargument at 1. The NCAA asserts that the current rule in effect, Rule 14.3.3.2, however, gives partial or non-qualifiers the chance to regain a fourth year of eligibility. The NCAA argues that Bowers's claim for injunctive relief against the NCAA is now moot, because this change in the rules dictates that Bowers has "not lost a single year of eligibility." NCAA Mem. of Law in Support of Motion for Reargument at 3.

Additionally, the NCAA argues that any potential claim by Bowers for a fourth year of eligibility is not ripe because he has not yet reached a fourth year of eligi-

bility. *Id.* at 5. Also, the NCAA argues that Bowers lacks standing to seek injunctive relief as to his first three years of eligibility because he can not prove that he lost those years of eligibility because of any discrimination on the part of the NCAA. The NCAA contends that because the initial eligibility requirements govern only the first year of eligibility, Bowers could have participated in intercollegiate football in his second year and beyond if he had made sufficient academic progress in his first year. Because Bowers dropped out of college, the NCAA argues, his lack of participation in intercollegiate football beyond his first year is entirely of his own doing and not because of any potential discrimination occurring under the application of the NCAA's initial eligibility rules.

While it is true that under the former NCAA rule Bowers would have lost a year of eligibility due to his initial ineligible status, I agree with the NCAA that under its current rule Bowers's period of potential eligibility is not any less than if he would have been deemed an initial qualifier. I also agree with the NCAA that this a dispositive fact that I overlooked when analyzing the motions for summary judgment that are the subject of my November 2, 2000 Opinion.

Paragraph 174 of the 194 paragraphs of the NCAA's Rule 56.1 Statement does explain, as the NCAA asserts, that the Consent Decree entered into between the NCAA and the United States Department of Justice provides that initial non-qualifiers can ultimately regain a fourth year of eligibility. The Consent Decree was entered in May 1998. This provision of the Consent Decree was codified in the NCAA's rules as Rule 14.3.3.2 in January 1999. Therefore, the NCAA is correct that evidence of the existence of the right to a fourth year of eligibility was included in the summary judgment record, although it certainly did not occupy a prominent place in the NCAA's voluminous summary judgment papers.

■ This evidence directly affects my determination that Bowers is still suffering from continuous and present adverse effects of his initial ineligibility status. That determination was based on the premise that Bowers was entitled to one less year of eligibility due to his status as initially ineligible. According to Rule 14.3.3.2, that is no longer the case. Therefore, I will grant the NCAA's Motion for Reargument. Based on the availability of a fourth year of eligibility, Bowers does not have standing to seek injunctive relief. Bowers's inability to gain a fourth year of eligibility was the sole basis upon which this Court previously determined that Bowers had standing to seek injunctive relief. The loss of the fourth year of eligibility constituted Bowers's continuing injury. Because Bowers is able to gain a fourth year of eligibility, he no longer has standing to seek any injunctive relief.

Injunctive relief is the only relief available under Title III of the ADA. *See* 42 U.S.C. § 12188. Therefore, I will amend my Opinion and Order of November 2, 2000 to dismiss Bowers's claims under Title III of the ADA (Count I) against the NCAA and AIC and to dismiss any claim for injunctive relief under the Rehabilitation Act (Count II) against the NCAA, Temple, Iowa and AIC. Bowers may otherwise maintain his claim under Title II of the ADA against Temple and Iowa and under the Rehabilitation Act against the NCAA, Temple, Iowa and AIC. The viability of Bowers's NJLAD claim is still under consideration by this Court.

## III. Temple's Motion for Reargument

■ Temple argues that this Court overlooked the following evidence in its Opinion of November 2, 2000:(1) "undisputed evidence that plaintiff had no genuine interest in playing football for Temple and thus no standing to pursue a discrimination claim against Temple for not offering him a football scholarship" and (2) "undisputed facts that Temple's decision not to recruit plaintiff had nothing to do

with his disability, but was based solely on Temple's interest in an offensive tackle with more weight and better skills than plaintiff exhibited." Temple Mem. of Law in Support of Reargument at 2. AIC joins Temple's arguments.

I do not find either of Temple's arguments persuasive. I disagree with Temple's contention that this Court overlooked Temple's argument that Bowers's alleged lack of interest in playing football at Temple should preclude him from asserting his discrimination claims against Temple. I did consider this argument in my Summary Judgment Opinion and briefly addressed it at note 15. 118 F.Supp.2d at 513 n. 15. I stated there, and I repeat here, that I believe that at most this argument raises another issue for determination by the fact finder. The record does not support Temple's position that Bowers *never* held or displayed *any* interest in playing football at Temple. Bowers's testimony upon which Temple relies in support of its position does not establish that Bowers never held any interest in Temple. In his deposition testimony, Bowers stated that he held no interest in attending Temple "when other big name schools were recruiting me." Deposition of Michael Bowers at 546. This testimony does not rule out the possibility that Bowers was interested in Temple at some point. In fact, it is undisputed that Bowers eventually applied to and attended Temple.

Therefore, the facts here are different from those in *Newark Branch, National Association For the Advancement of Colored People v. Town of Harrison, New Jersey,* 907 F.2d 1408 (3d Cir.1990). In *Newark Branch,* the Third Circuit held that the NAACP did not have standing to bring an employment discrimination claim on behalf of its members because the NAACP had not "alleged or shown that at least one of its members, although not formally applying for munici-

pal employment with Harrison, did everything reasonably possible to make known to Harrison of his or her interest in such employment." 907 F.2d at 1415. The facts underlying Bowers's claims against Temple are distinguishable, and this question cannot be resolved on a paper record. Temple cannot unequivocally state that Bowers *never* held or displayed *any* interest *at any time* in playing football for Temple such that Bowers would not have standing to sue Temple.[3] Moreover, Bowers did eventually show interest in Temple.

Similarly, I do not agree that I overlooked Temple's argument that it did not further recruit Bowers based solely on Bowers's size and athletic skill and not based on discriminatory considerations. To the contrary, I discussed this argument at some length in my Opinion addressing the motions for summary judgment. *See* 118 F.Supp.2d at 511–14. Temple may disagree with the conclusions I reached in my Summary Judgment Opinion, however, such arguments may only be raised on appeal, and not in a Motion for Reargument. Accordingly, Temple's Motion for Reargument is denied.

## IV. Conclusion

For the reasons explained above, the NCAA's Motion for Reargument is GRANTED. Temple's Motion for Reargument is DENIED. The Court will enter an appropriate form of order.

---

**3.** Temple may, of course, use evidence of Bowers's alleged lack of interest in Temple to support its argument at trial that it did not

exclude Bowers from recruitment for discriminatory reasons.