**Bezalel GROSSBERGER, Plaintiff,**

v.

**Robert SALDUTTI, Defendant.**

**Civil No. 11–00941 (JBS/AMD).**

United States District Court, D. New Jersey.

Oct. 5, 2011.

Opinion Denying Reconsideration April 12, 2012.

---

7. The defendants cite only to cases regarding tortious interference with a contract.

Bezalel Grossberger, Lakewood, NJ, pro se.

Robert Saldutti, Saldutti, LLC, Cherry Hill, NJ, pro se.

## OPINION

SIMANDLE, Chief Judge:

## I. INTRODUCTION

Plaintiff Bezalel Grossberger, *pro se*, filed the instant action against Defendant Robert Saldutti alleging harassment and misrepresentation claims and that the Defendant infringed upon his rights under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").

Presently before the Court is Defendant's motion to dismiss [Docket Item 5]. The Defendant argues that Plaintiff's claims against him are barred by the doctrine of *res judicata*, because Plaintiff's suit simply repackages the claims he brought in an earlier state court action which was dismissed with prejudice, or, in the alternative, Plaintiff's complaint should be dismissed for failure to state a valid claim. For the following reasons, the Court will dismiss Plaintiff's claims against Defendant because the Court finds Plaintiff's claims to be barred by the doctrine of *res judicata*.

## II. BACKGROUND

The following are taken from the Complaint and assumed to be true for the purposes of this Opinion, or are contained in public documents, the contents of which are not in dispute, and thus, the Court can consider on a motion to dismiss. *Goldenberg v. Indel, Inc.*, 741 F.Supp.2d 618, 624 (D.N.J.2010). On June 21, 1999, Plaintiff entered into a loan agreement with Sovereign Bank, who subsequently assigned the loan to Brown Bark I LP ("Brown Bark"). Def.'s Br. in Supp. of Mot. to Dismiss 5; Def.'s Br. in Supp. of Mot. to Dismiss Ex.

B. Brown Bark, represented by Saldutti LLC and Defendant Robert Saldutti, filed a complaint in New Jersey Superior Court on or around January 24, 2005, in an effort to collect on the loan. On May 24, 2005, a default judgment was entered by the Superior Court of New Jersey in Ocean County against Plaintiff and his business, PR Productions, in favor of Brown Bark.[1] Def.'s Br. in Supp. of Mot. to Dismiss 5.

The precise collection efforts taken by Defendant are disputed by the parties. Plaintiff alleges that Defendant's collection efforts and communication, on behalf of Brown Bark, were harassing in nature. Defendant describes numerous court/legal procedures by which he attempted to collect.[2] As this matter is before the Court on a motion to dismiss, the Court must take the factual allegations in the Complaint as true, which the Court has done. On or around December 7, 2010, Plaintiff filed a complaint in the Superior Court of New Jersey in Camden County against Defendant "demand[ing] $3,000.00 and alleg[ing] 'unauthorized harassment in attempt to obtain personal information from plaintiff without full disclosure.' " Def.'s Br. in Supp. of Mot. to Dismiss Ex. F.

On or around December 16, 2010, Defendant filed a motion to dismiss Plaintiff's state court complaint. On December 22, 2010, Judge Lee B. Laskin, J.S.C. issued an order dismissing Plaintiff's state court complaint with prejudice. Def.'s Br. in Supp. of Mot. to Dismiss Ex. I.

On February 22, 2011, Plaintiff commenced the present action by filing his Complaint in this Court. In the present action, Plaintiff asserts that "Defendant is harassing and misrepresenting his identity and purpose when calling for personal information." Compl. ¶ 4. Additionally, Plaintiff asserts that these acts of alleged harassment were for the purpose of "pursuing [the] collection of debt" in violation of the FDCPA. Compl. ¶ 2. Defendant subsequently filed the motion to dismiss that is presently before the Court.

## III. DISCUSSION

### A. Standard of Review

To give Defendant fair notice, and permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the defendant's conduct giving rise to liability. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 8(a) and 11(b)(3). These factual allegations must present a plausible basis for relief (i.e., something more than the mere possibility of legal misconduct). *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–82, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).

In its review of a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002)). Additionally, a "pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers."

---

**1.** Defendant reports that the judgment was entered by the Superior Court of New Jersey in Camden County. However, as Plaintiff correctly states, the aforementioned action was filed in Ocean County. Resp. to Def.'s Ans. 1.

**2.** Defendant issued an "information subpoena" and a "wage notice" against Plaintiff. Def.'s Br. in Supp. of Mot. to Dismiss 6.

*Montgomery v. Pinchak,* 294 F.3d 492, 500 (3d Cir.2002) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.,* 361 F.3d 217, 222 n. 3 (3d Cir.2004).

## B.   Res Judicata

■ The Court of Appeals for the Third Circuit has noted that the doctrine of *"res judicata* protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation." *Post v. Hartford Ins. Co.,* 501 F.3d 154, 169 (3d Cir.2007) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)) (internal quotations omitted). In applying the doctrine of *res judicata,* "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Walker v. Horn,* 385 F.3d 321, 337 (3d Cir.2004) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)).

■ The New Jersey Supreme Court has noted that the purpose of *res judicata* is to require litigants "to bring all possible claims in one proceeding." *McNeil v. Legislative Apportionment Comm'n of State,* 177 N.J. 364, 395, 828 A.2d 840 (2003) (citation omitted). Under New Jersey law, claim preclusion will prevent a litigant

from relitigating disputes that had been resolved in an earlier proceeding if three requirements are met:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 412, 591 A.2d 592 (1991) (citations omitted). With regard to the "transaction or occurrence" prong, the Court elaborated, noting that "[c]laim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.*

Defendant has moved to dismiss the instant action on the ground that Plaintiff's now-terminated state court action against him was a final judgment on the merits that bars relitigating the same claims in this case. *See Schneider v. United States,* Civ. No. 06–3200, 2007 WL 4440976, at *5 (D.N.J. Dec. 17, 2007). Defendant argues that Plaintiff's action is barred by *res judicata* because Plaintiff's claims in both actions are based on the same claims and were dismissed with prejudice in the prior state court action between the parties. Defendant argues that both of Plaintiff's complaints "raise allegations of defendant's 'harassing' conduct resulting from the identical collection effort[s]." Def.'s Br. in Supp. of Mot. to Dismiss 10. Plaintiff responds asserting that he made no FDCPA claim, nor did he claim misrepresentation in his state court complaint.[3]

---

3.   In his Response to Defendant's Brief, Plaintiff further asserts procedural arguments including, among other things, that the "[i]nformation subpoena [was] not served correctly," and Defendant did not send timely notice of

the state court's dismissal to Plaintiff. Resp. to Def.'s Ans. 1. The Court concludes that these arguments concern, at most, Plaintiff's rights on appeal of his state court action, but

█ The Court agrees with Defendant that Plaintiff's claims against him are precluded by the entry of a final judgment on the merits of his state court case. The first prong of the claim preclusion inquiry—that the judgment in the prior action be valid, final, and on the merits—is clearly satisfied in this case. *See Schneider,* 2007 WL 4440976, at *5 (holding that the state court's order dismissing the plaintiff's claims with prejudice was "valid, final, and on the merits"). Here, the New Jersey Superior Court ordered that Plaintiff's state court action be terminated with prejudice. A "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has preclusive effect." *Fairbank's Capital Corp. v. Milligan,* 234 Fed. Appx. 21, 23 (3d Cir.2007) (citing *Gambocz v. Yelencsics,* 468 F.2d 837, 840 (3d Cir. 1972)). The state court's order thus was a final judgment on the merits of Plaintiff's claims.

█ The second prong of the *res judicata* analysis, the identity of the parties in both actions, is likewise satisfied in this case. The identity and alignment of the parties to the state court action are the same in the instant case—Mr. Grossberger is the sole plaintiff in this action as he was in state court, and the defendant sued in state court, Mr. Saldutti, is the sole defendant in this lawsuit. Therefore, the Court finds that the second prong of the *res judicata* inquiry is satisfied in this case.

█ Lastly, the Court agrees with Defendant that Plaintiff's claims in this case "grow out of the same transaction or occurrence as the claim[s]" litigated in the state court action. *Watkins,* 124 N.J. at 412, 591 A.2d 592. The underlying set of facts giving rise to Plaintiff's cause of action in both cases is identical. In both his state and federal complaint, Plaintiff alleges that Defendant did not entirely disclose his identity and harassed Plaintiff during Defendant's collection efforts. At the heart of both suits are Plaintiff's claims resulting from Defendant's allegedly wrongful collection efforts. Thus, while Plaintiff styles his claim in the instant action as, in part, a claim under the FDCPA while he styled his state court action as simple harassment, the "wrongful acts" complained of are identical in both the instant action and the prior state action.

In state court, Plaintiff argued that "in [an] attempt to obtain personal information" Defendant "harass[ed]" Plaintiff "without full disclosure". Def.'s Br. in Supp. of Mot. to Dismiss Ex. F. In this action Plaintiff alleges that Defendant's attempts to collect violated federal law under the FDCPA, and additionally were "harassing and misrepresenting his identity." Resp. to Def.'s Ans. 1. This District has held that a

> [p]laintiff's reference to new statutory bases for recovery in [a subsequent] action does not serve to create a new 'transaction or occurrence' for claim preclusion purposes, because the focus of the claim preclusion inquiry is on the congruence of the factual, rather than the legal, underpinnings of the plaintiff's suits.

*Schneider,* 2007 WL 4440976, at *5 (citing *McNeil,* 177 N.J. at 395, 828 A.2d 840). As the New Jersey Supreme Court explained, "[i]f, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action." *McNeil,* 177 N.J. at 395, 828 A.2d 840 (quoting *Watkins,* 124 N.J. at 413, 591

do not appear to affect the finality of the state court judgment.

A.2d 592). Since an FDCPA claim may be brought in "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurred," 15 U.S.C. § 1692k (West 2010), Plaintiff was free to present his additional arguments in his state court action. *See also FinanceCo of Kansas, Inc. v. Ledin,* 231 P.3d 1086 (Kan.Ct.App.2010) (holding that the Kansas state court "[c]learly ... had subject matter jurisdiction over the [FDCPA] action"); *Pache Mgmt. Co., Inc. v. Lusk,* No. 96APE10–1302, 1997 WL 254096, at *4 (Ohio Ct.App. May 15, 1997) (noting that "15 U.S.C. § 1692k(d) provides for state court jurisdiction over FDCPA actions"). Thus, the Court finds that the third prong of the *res judicata* inquiry is satisfied in this case.

The Court finds that in the prior state court proceedings, a final judgment on the merits was rendered regarding the dispute between Plaintiff and Defendant on the same transaction or occurrence underlying the instant lawsuit. The Court accordingly holds that the doctrine of *res judicata* bars Plaintiff's claims against Defendant in this case, and will grant Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's claims against him. The accompanying Order will be entered.

### MEMORANDUM OPINION

This matter is before the Court upon Plaintiff Bezalel Grossberger's motion seeking an order "to re-instate [the] case" against Defendant Robert Saldutti. [Docket Item 9]. On October 5, 2011, the Court dismissed this case based on the doctrine of *res judicata. See* 834 F.Supp.2d 209. The Court finds as follows:

1. On December 7, 2010, Plaintiff, proceeding *pro se,* filed a complaint in the Superior Court of New Jersey in Camden County against Defendant demanding $3,000.00 and alleging unauthorized harassment in an attempt to obtain personal information from Plaintiff without full disclosure. 834 F.Supp.2d at 211–12. On December 22, 2010, Judge Lee B. Laskin, J.S.C. issued an order dismissing Plaintiff's state court complaint with prejudice. *Id.*

2. On February 22, 2011, Plaintiff filed his Complaint in this Court [Docket Item 1], alleging that Defendant was harassing Plaintiff and misrepresenting his identity and purpose when calling him for personal information, and infringed upon Plaintiff's rights by pursuing the collection of debt in violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). Compl. ¶¶ 2–4. Defendant subsequently filed the motion to dismiss based on, among other things, *res judicata.* [Docket Item 5].

3. In its October 5, 2011 Opinion [Docket Item 7], the Court determined that (1) "[t]he state court's order ... was a final judgment on the merits of Plaintiff's claims"; (2) "[t]he identity and alignment of the parties to the state court action [were] the same in" the state court case and the instant case; and (3) "Plaintiff's claims in this case [grew] 'out of the same transaction or occurrence as the claim[s]' litigated in the state court action." 834 F.Supp.2d at 214 (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 412, 591 A.2d 592 (1991)). Therefore, the Court dismissed Plaintiff's claims based on the doctrine of *res judicata. Id.* at 214–15.

4. Plaintiff subsequently filed the instant motion to reinstate his case. [Docket Item 9]. Plaintiff provides no brief in support of his motion. Plaintiff merely submits a bare Notice of Motion without any accompanying statement of why the motion should be granted. His notice reads as follows:

> PLEASE TAKE NOTICE Bezalel Grossberger will move before the Honorable Judge Jerome B. Simandle, U.S.D.J. on November 21st 2011 for an Order to re-instate case.
>
> In support of my motion, I will rely on the attached brief (if necessary).

Pl's Notice of Mot. at 1.

5. Shortly thereafter, Defendant filed opposition to the motion, construing the motion as one seeking reconsideration and arguing that Plaintiff's claims are the same as those previously raised. [Docket Item 10].

6. The Court will deny Plaintiff's motion as procedurally defective, as it contains no supporting brief or statement in lieu of brief, as required under Local Civil Rule 7.1(d)(1), (4). *See U.S. Small Business Admin. v. Klein*, Civ. No. 08–1964, 2009 WL 1457119 at *2 (D.N.J. May 26, 2009) (holding motion lacking brief or statement in lieu as procedurally defective); *Developers Surety & Indemnity, Co. v. NDK General Contractors, Inc.*, Civ. No. 06–0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007).

7. Alternatively, were the Court to consider the motion on the merits and construe it as a motion for reconsideration, as Defendant does, the Court would likewise deny the motion. Generally, a motion for reconsideration in this District is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). *United States v. Com-*

*paction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Bowers v. NCAA*, 130 F.Supp.2d 610, 612 (D.N.J. 2001).

8. "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, Civ. No. 03–3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal quotations omitted). The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). There are three grounds upon which a court may grant a motion for reconsideration: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Carmichael v. Everson*, Civ. No. 03–4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Mere disagreement with a decision "should be dealt with in the normal appellate process, not on a motion for reargument under [the] Local Rule." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J.1988).

9. Plaintiff does not argue in his motion that the Court applied the wrong legal standard, that there has been an intervening change in the law or that the Court overlooked any factual matters that were properly before the Court on the motion to dismiss. Rather, Plaintiff submits a Notice of Motion with no supporting brief or accompanying statement as to why a brief is not necessary. Thus, the Court is unable to ascertain any errors contained in its Order dismissing this action. It would appear that Plaintiff simply disagrees with this Court's ruling, but he may not use a motion for reconsideration to re-

litigate a matter that has been thoroughly adjudicated by this Court.

10. For the reasons explained above, the Court will deny Plaintiff's motion. The accompanying Order will be entered.